Contracts,• bids; award; cancellation of Invitation for Bids for sede of surplus property. — Pursuant to an Invitation for Bids for the sale of surplus aircraft carcasses, plaintiff submitted its bid which the sales contracting officer determined was the highest responsive bid, having determined that a higher bid submitted by another was not responsive to the Invitation for Bids. Plaintiff asserts that at bid opening the contracting officer announced that the Government would process plaintiff as high bid and request an anti-trust clearance, and that this constituted an award of the contract *746 subject to tbe anti-trust clearance. Subsequently, a decision was made to reject all bids and to cancel the Invitation for Bids. Plaintiff claims that it was awarded a contract which the Government refused to perform, or alternatively, that the Government’s refusal to award it a contract vested plaintiff with an actionable claim, and seeks damages therefor. This case came before the court on defendant’s and plaintiff’s motions for summary judgment. Upon consideration of the motions, the briefs of the parties, and after oral argument, the court concludes that the facts in this case are substantially similar to those in Dayton Electronic Products Co. v. United States, 194 Ct. Cl. 1035 (1971), and that the court’s order in that case governs the decision in this case. Accordingly, the court concludes that the oral statement made by defendant’s contracting officer to plaintiff upon opening plaintiff’s sealed bid did not constitute an award required for the formation of a valid contract and that defendant’s determination to reject all bids and cancel the Invitation for Bids was neither arbitrary nor capricious. On December 19, 1972, by order, the court granted defendant’s motion for summary judgment, denied plaintiff’s cross-motion, and dismissed the petition.